ESTATE OF LOUIS M. FABER, HELEN J. FABER, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92981.  Promulgated December 7, 1939.

*W. D. Hopkins, Esq.*, for the petitioner.
*W. W. Kerr, Esq.*, for the respondent.

## OPINION.

VAN FOSSAN : The issue for our determination is whether or not the sum of $2,500 paid by the estate to the widow pursuant to the provisions of section 10509–54 of the General Code of Ohio [1] is includible in the gross estate.

The applicable provisions of the Federal law are sections 302 (a) and 303 (a) (1) of the Revenue Act of 1926,[2] as amended by subsequent acts.

---

[1] When a person dies leaving a surviving spouse, or minor child or children, the following property if selected as hereinafter provided, shall not be deemed assets or administered as such, but must be included and stated in the inventory of the estate; household goods, live stock, tools, implements, utensils, wearing apparel of the deceased and relics and heirlooms of the family and of the deceased, ornaments, pictures and books, to be selected by such surviving spouse, or if there be no surviving spouse, then by the guardian or next friend of such minor child or children, not exceeding in value twenty per centum of the appraised value of the property, real and personal, comprised in the inventory, but in no event is the value of the property not deemed assets to be more than twenty-five hundred dollars, if there be a surviving spouse, nor more than one thousand dollars if there be no surviving spouse, but surviving minor child or children, nor less than five hundred dollars in either case if there be so much comprised in the inventory and selected as herein provided; or, if the personal property so selected be of less value than the total amount which may be selected as herein provided, then such surviving spouse, guardian or next friend shall receive such sum of money as shall equal the difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property, real and personal, belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate.

[2] SEC. 302. [As amended by section 404 of the Revenue Act of 1934]. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real of personal, tangible or intangible, wherever situated, except real property situated outside the United States—

(a) To the extent of the interest therein of the decedent at the time of his death.

In a recent case, *Estate of Nellie Grant Burbank Dodge*, 40 B. T. A. 209, we had for decision the question of the right of the estate to deduct as a claim against the estate an amount paid to decedent's surviving husband in satisfaction of his statutory right to a "marital portion" of the estate under the laws of Louisiana. The right to deduct the amount claimed was denied. In that case we observed:

It follows, of course, that if the marital portion here was taken from the succession or the heirs it must first have passed from the decedent and must have been a part of her estate at the time of her death. It is not material to our question whether it passed by inheritance or by operation of the state statutes. The Federal estate tax is levied upon the property passing at or by reason of death. It is a tax not on the interest in property to which another succeeds, but on the interest of the decedent which ceases by reason of death. *Knowlton* v. *Moore*, 178 U. S. 41; *Edwards* v. *Slocum*, 264 U. S. 61; *Tyler* v. *United States*, 281 U. S. 497. In *Crooks* v. *Loose*, 36 Fed. (2d) 531, it was said:

\* \* \* the Federal Estate Tax Law is not concerned primarily with the character of the interest or estate acquired by the beneficiary, or its subsequent status; but the law is primarily concerned with the ceasing of the interest of the decedent in the property, with the "shifting of economic benefits" of property from the decedent. If there is such a ceasing of the interest of the decedent, such a "shifting of economic benefits", the federal estate tax comes into play.

In *Empire Trust Co. et al., Executors*, 35 B. T. A. 866; affd., 94 Fed. (2d) 307, we said:

\* \* \* We think it is clear that the purpose of the Revenue Act of 1926 was to include in the gross estate of the decedent the value of all property at the time of death which passed from the dead to the living to the extent of any interest which the decedent had therein. \* \* \*

In the *Dodge* case the petitioner contended that the surviving husband's "marital portion" was a claim against, or an indebtedness of, the estate which is deductible under section 303. Holding this contention to be unsound, the Board went on to say:

In his regulations the Commissioner construes the statutory provisions for the deduction of claims against the estate as pertaining only to claims representing "personal obligations of the decedent existing at the time of his death." The right of the decedent's surviving husband to his marital portion was in no sense

---

Sec. 303. [As amended by section 805 of the Revenue Act of 1932 and section 403 (a) of the Revenue Act of 1934.] For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a citizen or resident of the United States, by deducting from the value of the gross estate—

(1) Such amounts—

(A) for funeral expenses,

(B) for administration expenses,

(C) for claims against the estate,

(D) for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate, and

(E) reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent \* \* \*.

a personal obligation of the decedent and did not come into existence until her death, and the fulfillment of the conditions enumerated in article 2382 above of the Louisiana Civil Code.

Petitioner points out in its brief that under the Louisiana law the marital portion is not an inheritable interest in the separate estate left by the deceased spouse and is therefore not taxable under the inheritance tax statutes of that state, citing *Succession of Justus, supra; Succession of Marsal*, 118 La. 212; 42 So. 778; *In re Stelly's Estate*, 185 So. 637. Granting that this is true, however, the rules governing the administration of the Louisiana inheritance tax law have no controlling effect on questions involving the Federal estate tax law.

It was ruled that the right so to take was "by virtue of a statute creating an estate in lieu of dower or curtesy" within the meaning of section 302 (b) and is taxable to the same extent as a testamentary bequest. It was also held that it represented no debt of the decedent in her lifetime and only such debts are claims against the estate cognizable under section 303 (a) (1) (C).

We believe the principles underlying the *Dodge* case to be applicable and controlling here. Section 302 provides that all property of the decedent except real property situated outside the United States shall be included in the gross estate. It can not be argued successfully that the item of cash in question was not property of decedent at the time of his death. It was, by Ohio law, included in the inventory of the estate. The fact that it was, by local statute, not deemed an asset of the estate nor administered as such in Ohio does not alter its precedent character. Nor is it controlling or persuasive here that the item is deducted from the estate in computing the Ohio inheritance tax. We are construing and applying the Federal estate tax law. The legal concepts and principles underlying the two laws are very different.

The estate tax law, like other Federal tax laws, establishes its own criteria. By specific provision and interpretation it pronounces its own definitions and specifications of property to be included or excluded from the taxable estate. The relatively few instances where the state law controls are indicated in *Lyeth* v. *Hoey*, 305 U. S. 188. The present situation is not such. We conclude that the item must be included in the taxable estate.

We must likewise reject petitioner's contention that, even if the item be includible in the gross estate, a deduction should thereupon be allowed as a claim against the estate. *Estate of Nellie Grant Burbank Dodge, supra.*

*Decision will be entered for the respondent.*