## Succession of GREMILLION v. DOWNS, Sheriff, etc.

### No. 5146.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1936.

Isaac Wahlder, of Alexandria, for appellant.

Shapiro & Shapiro, of Alexandria, for appellee.

DREW, Judge.

Field V. Gremillion died intestate, leaving a widow and six children, issue of the marriage, and certain property, practically all of which was held in community. The widow and children petitioned the court to be put in possession of the estate, the former as owner of one half of the community property and as usufructuary of the other half, and the latter as heirs of their father subject to the usufruct of their mother on the community property.

A rule was issued directing the sheriff and ex officio tax collector to show cause why petitioners should not be placed in possession, free from payment of any inheritance tax. The tax collector answered said rule admitting that the children owed no tax, but alleging that the widow, the surviving spouse, owed tax on the usufructuary afforded her as surviving spouse.

Judgment was rendered by the lower court, putting the widow and heirs in possession without requiring payment of any inheritance tax. The tax collector appealed from said judgment.

This question has been settled by the courts of this state in numerous decisions.

Act No. 127 of 1921 (Ex.Sess.) places an inheritance tax on all inheritances. It therefore follows that what is not acquired by inheritance is not subject to the tax. The usufruct acquired by the surviving spouse is not acquired by inheritance, but is a right which grows out of the marriage contract and does not originate in its dissolution. Succession of Marsal, 118 La. 212, 42 So. 778; Succession of Baker, 129 La. 74, ·55 So. 714, Ann.Cas.1912D, 1181; Succession of Lynch (La.App.) 145 So. 42.

Counsel for the tax collector has confused the federal estate tax with Act No. 127 of 1921 (Ex.Sess.), commonly known as our Inheritance Tax Law. The decisions construing the federal estate tax have no application to a construction of our Inheritance Tax Law. The federal tax levies upon the interest which ceased by reason of death, and not upon the interest to which some person succeeds by inheritance on a death.

The decision of the lower court is therefore correct, and is affirmed.