## In re STELLY'S ESTATE.

### No. 1935.

Court of Appeal of Louisiana. First Circuit.

Jan. 11, 1939.

638

Pavy & Pavy, of Opelousas, for appellant.

L. Austin I. Fontenot, Jr., of Opelousas, for appellee.

OTT, Judge.

According to the record, the net value of the community property left by the deceased, Arthur Stelly, is the sum of $45,-192.76, one half of which belongs to the surviving widow, and the other half was inherited by the minor son and only heir of the deceased. The minor son and only heir also inherited from his deceased father an undivided 1/12 interest in the succession of his grandmother, the mother of his deceased father, which interest is valued at $1,297.08. The surviving widow of the deceased qualified as natural tutrix to her said minor son and took the usual proceedings against the tax collector by rule to have the inheritance coming to her said minor son from his deceased father to be decreed free from the payment of any inheritance tax under the laws of this state.

The widow and natural tutrix claims that the inheritance coming to the minor heir is not liable for any tax on the following basis: the interest inherited by him from the community property has a present net value of $22,596.38, and the present value of his inheritance from his deceased grandmother is $1,297.08; that the interest inherited from the community is subject to the usufruct of the surviving widow during her life, or during her widowhood; that the widow is 36 years of age and, under the American Experience Mortality Tables, she has a life expectancy of 31.07 years, and the present value of a dollar due 31 years hence at 6% compound interest is .164255, making the present value of the interest inherited from the community the sum of $3,711.57; that the interest inherited by the minor heir from his grandmother is subject to a legal usufruct by his grandfather who is 60 years of age and has a life expectancy of 14.10 years, and the present value of each dollar of that interest of $1,297.08 is .442301, or a total present value of $573.70, all calculated in accordance with the tables contained in Section 23 of Act No. 127 of 1921 (Ex. Sess.)

The tutrix therefore submits as the total present value of both inheritances coming to the minor as $4,285.27, or an amount less than the exemption allowed by the above act to a direct descendant. But the tax collector contends that no deduction on account of the usufruct with which both interests are burdened should be made in computing the tax, but that the tax should be computed on the total net value of both interests, less the five thousand dollar exemption only. The trial judge sustained the contention of the tax collector and fixed the tax at $416.80. The widow and tutrix has appealed.

It is contended by the tax collector, and was so held by the trial judge, that the value of a usufruct computed according to the tables given in Section 23 of said Act No. 127 of 1921 (Ex.Sess.) can only be deducted in order to arrive at the value of a legacy or donation mortis causa which consists in whole or in part of a usufruct, and in determining the present value of the property making up the legacy or donation going to a person subject to such usufruct; that no provision is made for deducting the value of a usufruct given by law to the surviving spouse on the share of the community property inherited by the issue of the marriage from the deceased spouse.

The first paragraph of said Section 23, which is a verbatim copy of the same section in the old Act No. 109 of 1906, reads as follows:

"In fixing the value of any legacy, or donation mortis causa which consists in

whole or in part of an annuity or usufruct or right of use or habitation, the court shall consider the expectancy of life of the legatee or donee according to the table known as the American Experience Table of mortality at six per cent per annum compound interest."

Then follows the American Experience Mortality Tables and the table giving the present value of one dollar due X years hence at six per cent compound interest. These tables and the following paragraph were added to Section 23 of Act No. 109 of 1906 by Section 23 of the present act on the subject, Act No. 127 of 1921 (Ex. Sess.):

"The value of said usufruct or right of use or habitation, determined as herein provided, shall be deducted from the value of the property on which it rests, in arriving at the value of the said property for the purpose of fixing the inheritance tax due by the person or persons inheriting the same."

It is contended that the words "said usufruct" contained in the last paragraph relate back and refer to the usufruct mentioned in the first paragraph of the section providing a method of fixing the value of a legacy or donation conferred by will, and have no reference to the usufruct conferred by law on the surviving spouse.

It is obvious from a reading of the two quoted paragraphs of the section that there would be no ambiguity at all in the section if the word "said" before the word "usufruct" in the last paragraph had been left out and the words "a usufruct" had been used instead. In that case, it would have been clear that the value of any usufruct computed according to the tables given should first be deducted from the value of the property on which the usufruct rests in order to fix the present value of the naked ownership going to the heir, whether legal or testamentary.

■ Reading the whole section together, and considering that the tables and last paragraph therein were added to the same section in the old law, we are of the opinion that in arriving at the value of property for the purpose of fixing the tax where the property is burdened with a usufruct, legal or otherwise, the value of that usufruct according to the tables given, is to be first deducted. In fact, any other construction would restrict the meaning of the last paragraph only to the imposition of a tax on the value of the property included in a legacy or donation by will after the value of the usufruct on such property is deducted.

■■ The purpose of the law, gathered from the whole act, is to impose the tax on all the property passing from the deceased to his heirs, whether by the laws of inheritance or by the will of the deceased, subject to certain exemptions, and the value of the property so passing for the purpose of fixing the tax is to be taken at its actual cash value at the time of the death of the deceased. Obviously, where the property is burdened with a usufruct, as in this case, it will not have the same value as it would without the usufruct. The minor child in this case, under the ordinary course of things, might not come into the enjoyment of his inheritance for thirty one years, and it would be contrary to the provisions of the act to make him pay a tax on the inheritance which, when and if he comes into possession of it, may be worth little or nothing. If the tables given in section 23 are not to be used in reaching the present cash value of his inheritance, it is clear that some other method must be used, such as an appraisement by experts or a valuation fixed by the court after taking into consideration the depreciated value of the property because of the usufructs resting on it.

■■ And for this reason we are convinced that it was the intention of the lawmaker in adding the tables and the last paragraph to section 23 to fix a definite and certain, if arbitrary, method of determining the depreciated value of the property because of the usufruct resting on it, regardless of the manner in which the usufruct was established. Without some definite and uniform method of determining this depreciated value, it would be necessary in each individual case to determine the depreciated value by some other method so that the court could fix the tax on the basis of the cash value of the inheritance as the law requires. That it is the purpose of the law to fix a uniform method in arriving at the present cash value of property subject to a usufruct however created, is indicated in the last paragraph of the section above quoted where, after stating that the value of the usufruct determined according to the tables shall be deducted from the value of the property on which it rests, goes further and says that this deduction shall be made in order to

fix the inheritance tax due by the person *inheriting the property.*

If the law intended that the deduction was to be made only from property passing by a legacy or a donation mortis causa, it seems to us that words would have been used to indicate that intention. Instead ·of saying that the deduction on account of the usufruct shall be made in the value of the property on which it rests "in arriving at the value of said property .for the purpose of fixing the inheritance tax due by the person or persons inheriting the same." there would have been words used to indicate that the property formed part of a legacy or donation.

■ The surviving spouse does not acquire the usufruct of the interest of the deceased spouse by inheritance, and for that reason she owes no inheritance tax on the value of that usufruct. Succession of Marsal, 118 La. 212, 42 So. 778; Succession of Gremillion v. Downs, Sheriff, La. App., 165 So. 481. But the fact that the surviving spouse owes no tax on the value of that usufruct does· not mean that the usufruct has no value and does not decrease the value of the property on which it rests. Before the tax is fixed, the value of the property must be ascertained by deducting the value of the usufruct on it. The reduction in value because of the usufruct is based on the same principle as the 20 per cent reduction allowed on the margin or equity between the appraised value and the mortgage on the property, where .the mortgage exceeds 50 per cent of the value of the property.

We are informed in the opinion of the learned trial judge and by the briefs of counsel in the case, that the administrative officers charged with the collection· of said· tax, as well as the local courts in fixing the tax, have interpreted the law to permit the deduction of the value of the usufruct of the surviving spouse in accordance with the tables given in 'the act in fixing the tax on the property. In fact, no less authority than the Assistant Attorney General has so construed the law and advised the tax collectors of that construction.

In a letter written by Honorable George M. Wallace, Assistant Attorney General on April 2, 1934, he. advised an attorney for one of the tax collectors that the value of the widow's usufruct must be deducted in computing ·the inheritance tax due by the heirs inheriting the ownership of the property on which the usufruct rests. . See Report and Opinions of the Attorney. General from April 1, 1934 to April 1, 1936, page 1183.

■ Of course, there is no occasion to resort to the doctrine of contemporaneous construction by administrative officers where the construction is clearly at variance with the provisions of the law. However, we do not find that the construction placed on the law by the administrative officers is erroneous, but, on the contrary, it is in line with our own interpretation of the law.

For the reasons assigned, the judgment appealed from is annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the rule herein taken by Mrs. Louise Stelly, surviving widow and tutrix for the minor, Lionel Stelly, to have the estate decreed free from the payment of an inheritance tax, be and the same is hereby made absolute, and, accordingly, that the inheritance coming to said minor in said estate is declared to be free from the payment of any inheritance tax under the laws of this State; cost of the appeal to be paid by the tax collector, and all other cost to be paid by the estate.

DORE, J., recused.