ESTATE OF NELLIE GRANT BURBANK DODGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94479.   Promulgated June 30, 1939.

*Percy S. Benedict, Esq.*, for the petitioner.
*Wilford H. Payne, Esq.*, for the respondent.

OPINION.

Smith: This proceeding is for the redetermination of a deficiency of $1,406.92 in the estate tax of the estate of Nellie Grant Burbank Dodge, who died domiciled in the State of Louisiana on June 15, 1936. The only question in issue is whether an amount paid out of the estate to the decedent's surviving husband in satisfaction of his statutory right to a "marital portion" of the estate under the laws of the State of Louisiana is deductible as a claim against the estate.

The facts have been stipulated substantially as follows:

The decedent, Nellie Grant Burbank Dodge, died testate in New Orleans, Louisiana, her domicile, on June 15, 1936. She was survived by her husband, William R. Dodge, and four children. For probate purposes her estate was valued August 31, 1936, at $131,531.65, all of which was her separate property.

The decedent's will provided in part as follows:

I leave everything I die possessed of to my children, share and share alike, with the exception that my jewelry and silverware I bequeath to my daughters above named. I impose a testamentary usufruct in favor of my husband, William R. Dodge, upon my home and grounds to endure during the term of his natural life or until he remarries. I declare that all the property of which I die possessed is my separate and paraphernal estate, composed of property inherited from my parents or of the reinvestment thereof, which has always been under my executive management and control.

The decedent's husband, William R. Dodge, has been adjudicated a bankrupt by the United States District Court for the Eastern District of Louisiana on May 30, 1930.

The bequest of the usufruct upon decedent's home and grounds was disclaimed by William R. Dodge, who claimed, instead, his right to a marital portion in decedent's estate, as provided by the laws of the State of Louisiana in article 2382 of the Revised Civil Code of Louisiana. This section of the Louisiana Civil Code provides as follows:

SURVIVING SPOUSE IN NECESSITOUS CIRCUMSTANCES—MARITAL POR-
TION—ANNUITY—AMOUNT.

When the wife has not brought any dowry, or when what she brought as a dowry is inconsiderable with respect to the condition of the husband, if either the husband or the wife die rich, leaving the survivor in necessitous circumstances, the latter has a right to take out of the succession of the deceased what is called the marital portion; that is, the fourth of the succession in full property, if there be no children, and the same portion, in usufruct only, when there are but three or a smaller number of children; and if there be more than three children, the surviving, whether husband or wife, shall receive only a child's share in usufruct, and he is bound to include in this portion what has been left to him as a legacy by the husband or wife, who died first.   *   *   *

By a written agreement executed by decedent's heirs and William R. Dodge, the heirs consented to the latter's election to take his

statutory marital portion in the usufruct of a certain part of the estate instead of the bequest made to him by the decedent in her will. The parties agreed upon the annual expected revenues from the estate and also upon the method of payment of the husband's statutory interest therein. They computed the value of such interest at $6,146.68, based on the value of the decedent's estate and the life expectancy of the surviving husband. This amount was claimed as a deduction from the gross estate on the theory that it represented a claim or a debt due from the estate. The deduction was disallowed by the Commissioner, resulting in the above stated deficiency of $1,406.92 in the decedent's estate tax.

In proceedings brought before the Civil District Court by the heirs of the decedent's estate and by William R. Dodge for the purpose of fixing the amount due for state inheritance tax purposes in the State of Louisiana, it was determined that the marital fourth claimed by William R. Dodge under the laws of the State of Louisiana was exempt from the state inheritance tax.

The only issue to be decided by the Board in this proceeding is whether the value of the marital portion of decedent's estate which William R. Dodge elected to take in lieu of the bequest made to him by the decedent in her will is deductible from the gross estate for purposes of computing the Federal estate tax due thereon.

The pertinent provisions of the Federal estate tax statutes are found in sections 302 and 303 of the Revenue Act of 1926 as amended by subsequent acts and are as follows:

SEC. 302. [As amended by section 404 of the Revenue Act of 1934.] The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside the United States—

(a) To the extent of the interest therein of the decedent at the time of his death;

(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy;

\* \* \* \* \* \* \*

SEC. 303. [As amended by section 805 of the Revenue Act of 1932 and section 403 (a) of the Revenue Act of 1934.] For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a citizen or resident of the United States, by deducting from the value of the gross estate—

(1) Such amounts—

(A) for funeral expenses,

(B) for administration expenses,

(C) for claims against the estate,

(D) for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate, \* \* \*

It can not be questioned that the amount paid out of the decedent's estate to the surviving husband as his "marital portion" formed a part of and is includable in the decedent's gross estate under section 302 above. If it was not an interest of the decedent at the time of her death within the meaning of subsection (a) above, then it was an interest of the surviving spouse existing by virtue of the statutes of the State of Louisiana in lieu of curtesy within the meaning of subsection (b).

In its brief, petitioner quotes from the court's opinion in *Succession of Justus*, 44 La. Ann. 721, in part, as follows:

The right of a surviving husband, left in necessitous circumstances by a wife who dies rich, and without leaving issue, to take the marital fourth in full property from her succession is a personal and optional right, which remains inchoate and does not vest absolutely in him, unless first accepted by him.

It is not an inheritance and the survivor is not an heir.

It is a bounty, or charity, which can well be assimilated to that in cases of necessitous widows, or minors, entitled to claim $1000 in preference to creditors.

\*      \*      \*      \*      \*      \*      \*

It [meaning the marital portion] may be assimilated to the charity or bounty extended, or conferred on the necessitous widow or minor heirs, by the Act of 1852, now Art. 3252, R. C. C., with this difference, that *the marital fourth is taken from a solvent succession or the heirs;* while the $1000 are allowed in insolvent successions in preference to creditors. Both are laws in derogation of common right. [Italics supplied.]

It follows, of course, that if the marital portion here was taken from the succession or the heirs it must first have passed from the decedent and must have been a part of her estate at the time of her death. It is not material to our question whether it passed by inheritance or by operation of the state statutes. The Federal estate tax is levied upon the property passing at or by reason of death. It is a tax not on the interest in property to which another succeeds, but on the interest of the decedent which ceases by reason of death. *Knowlton* v. *Moore*, 178 U. S. 41; *Edwards* v. *Slocum*, 264 U. S. 61; *Tyler* v. *United States*, 281 U. S. 497. In *Crooks* v. *Loose*, 36 Fed. (2d) 531, it was said:

\*   \*   \*   the Federal Estate Tax Law is not concerned primarily with the character of the interest or estate acquired by the beneficiary, or its subsequent status; but the law is primarily concerned with the ceasing of the interest of the decedent in the property, with the "shifting of economic benefits" of property from the decedent. If there is such a ceasing of the interest of the decedent, such a "shifting of economic benefits," the federal estate tax comes into play.

In *Empire Trust Co. et al., Executors*, 35 B. T. A. 866; affd., 94 Fed. (2d) 307, we said:

\*   \*   \*   We think it is clear that the purpose of the Revenue Act of 1926 was to include in the gross estate of the decedent the value of all property at the time of death which passed from the dead to the living to the extent of any interest which the decedent had therein. \*   \*   \*

Petitioner contends that the surviving husband's statutory "marital portion" of the estate was a claim against or an indebtedness of the estate which is deductible under section 303 above. This contention, we think, is unsound.

In his regulations the Commissioner construes the statutory provisions for the deduction of claims against the estate as pertaining only to claims representing "personal obligations of the decedent existing at the time of his death." The right of the decedent's surviving husband to his marital portion was in no sense a personal obligation of the decedent and it did not come into existence until her death, and the fulfillment of the conditions enumerated in article 2382 above of the Louisiana Civil Code.

Petitioner points out in its brief that under the Louisiana law the marital portion is not an inheritable interest in the separate estate left by the deceased spouse and is therefore not taxable under the inheritance tax statutes of that state, citing *Succession of Justus, supra; Succession of Marsal*, 118 La. 212; 42 So. 778; *In re Stelly's Estate*, 185 So. 637. Granting that this is true, however, the rules governing the administration of the Louisiana inheritance tax law have no controlling effect on questions involving the Federal estate tax law. This is aptly shown by the following excerpt from the court's opinion in *Succession of Gremillion* v. *Downs*, 165 So. 481, decided by the Court of Appeal of Louisiana, Second Circuit, February 5, 1936, and cited by the court in *In re Stelly's Estate, supra:*

Counsel for the tax collector has confused the federal estate tax with Act No. 127 of 1921 (Ex. Sess.), commonly known as our Inheritance Tax Law. The decisions construing the federal estate tax have no application to a construction of our Inheritance Tax Law. The federal tax levies upon the interest which ceased by reason of death, and not upon the interest to which some person succeeds by inheritance on a death.

By the will of the decedent the surviving husband was entitled to receive a testamentary usufruct upon the house and grounds of the decedent for life or until he should remarry. The value of such interest was taxable under section 302 (b) of the statute. The right to receive it by virtue of the will was not a "claim against the estate" within the meaning of section 303 (a) (1) (C). The surviving husband disclaimed the usufruct of this property and elected to take under article 2382 of the Civil Code, as he had a right to do. This right so to take was "by virtue of a statute creating an estate in lieu of dower or curtesy" within the meaning of section 302 (b) and is taxable to the same extent as a testamentary bequest. In *Succession of Justus, supra*, the court quoted from *Gee* v. *Thompson*, 11 Ann. 659, as follows:

* * * "The person upon whom the inheritance is by law conferred, and who is called the heir, is so different from the surviving husband and wife

claiming a marital fourth that such demand, *like a demand for a legacy*, must be made upon the heir." * * * [Italics supplied.]

The right which the surviving husband had to demand his marital portion under the statute was the same as the right of a legatee to claim a legacy. It represented no debt of the decedent in her lifetime. Only such debts are claims against the estate cognizable by section 303 (a) (1) (C). The disallowance by the respondent of the claimed deduction of $6,146.68 is approved.

*Decision will be entered for the respondent.*