94 So.2d 317 (1957)
Succession of Frances SCHRADER, Wife of Charles A. BROWN.
No. 20855.
Court of Appeal of Louisiana, Orleans.
April 15, 1957.
*318 Edward J. Randle, New Orleans, for Charles A. Brown, appellant.
Vincent C. Rodriguez, New Orleans, for Inheritance Tax Collector, appellee.
McBRIDE, Judge.
Mrs. Frances Schrader, wife of Charles A. Brown, died in this city on October 23, 1955, leaving her husband in community and two children, issue of the marriage, namely, Mrs. Helen Brown Cook and Mrs. Jeanne Brown Loftin. She left a last will and testament giving and bequeathing to her husband:
"* * * all of the disposable portion of my estate * * * together with the usufruct of our home which is located at 841 Exposition Blvd., in the City of New Orleans."
The mentioned property belonged to the community of acquets and gains which existed between decedent and Charles A. Brown. Decedent left no separate property.
On a rule brought for the purpose the court below rendered a judgment fixing the amount of inheritance taxes due under LSA-R.S. 47:2401 et seq. The amount due by Charles A. Brown was fixed at $735.36, and he has appealed. He makes the contention that the correct amount for which he is liable is $275.68.
The sole and only question the appeal presents is whether the usufruct which the surviving husband has over the children's share of the property (their legitime) is subject to inheritance taxes. Appellant maintains that it is not. His position is that the usufruct mentioned in the will is no more than a confirmation of the legal usufruct on the undisposed of portion of the decedent's estate as established by LSA-C.C. art. 916. We are cited to Succession of Marsal, 118 La. 212, 42 So. 778, and In re Stelly's Estate, La.App., 185 So. 637, which are authority for the proposition that the legal usufruct arising under LSA-C.C. art. 916 is not taxable.
On the other hand, the Tax Collector maintains we are dealing not with the legal usufruct under said codal article but rather with a testamentary usufruct which is fully taxable.
The Supreme Court had occasion to squarely pass on the identical controversy *319 in Succession of Baker, 129 La. 74, 55 So. 714, 720, and resolved the matter adversely to the Tax Collector's contention. There the testator left a widow in community and one child, the issue of his marriage with her. By his will the decedent bequeathed to his widow the disposable portion of his estate, which included both separate and community property and the usufruct of the balance. A contest arose over the amount due by the widow as taxes on her inheritance and the Court held that the widow was liable for an inheritance tax:
"* * * But she is liable for the same only on that part of the estate which comes to her by inheritance, to wit, two thirds of the separate property and the usufruct of the other third, and two thirds of the share of the deceased in the community property. The usufruct of the remaining one-third (of one-half) of the community property does not come to her by inheritance. Succession of Marsal, 118 La. 212, 42 So. 778. As to that portion, the will merely confirmed. It did not give. Succession of Moore, 40 La. Ann. [531] 535, 4 So. 460."
In Succession of Moore, cited in Succession of Baker, the Court said that the testator could not encumber the portion for which his children are forced heirs, and that he had not done so because the will which left his widow the usufruct thereon was merely a confirmation of the legal usufruct which the law imposed upon the property. The Court observed [40 La.Ann. 531, 4 So. 463]:
"* * * It [the usufruct] would have existed without the confirmation, which is practically a superfluity."
Therefore, the appellant would owe no inheritance tax on the usufruct as it came to him by the operation of law and the correct amount of the taxes due is, as he contends, the sum of $275.68.
Though unsuccessful in this proceeding, the Inheritance Tax Collector is not liable for the costs thereof. Neither the state, nor a state board, nor a state governmental agency, nor a public officer representing the state in his official capacity owes any costs. LSA-R.S. 13:4521; Natalbany Lumber Co., Limited v. Louisiana Tax Commission, 175 La. 110, 143 So. 20.
For the reasons assigned, the judgment appealed from is amended so as to reduce the amount of inheritance taxes due by appellant to the sum of $275.68, and as thus amended the judgment is affirmed.
Amended and affirmed.
REGAN, J., takes no part.