157 So.2d 909 (1963)
Succession of Mrs. Pearl L. Hatten NORTON.
No. 5946.
Court of Appeal of Louisiana, First Circuit.
November 12, 1963.
J. Huntington Odom, Baton Rouge, Attorney to Assist the Inheritance Tax Collector, for appellant.
John V. Parker of Parker & Parker, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
HERGET, Judge.
Mrs. Pearl L. Hatten Norton died intestate in East Baton Rouge Parish, Louisiana, where she was domiciled. She left no separate property. Her estate consisted of her interest in the community property. She was survived by her husband, John A. Norton, and four forced heirsone son, two daughters and one granddaughter. On the petition of all of these parties the succession was opened and search made for a will. None was found. Thereafter all the forced heirs renounced Mrs. Norton's succession. John A. Norton, the surviving husband, thereupon filed a petition to be recognized as the sole heir in community of decedent, Mrs. Pearl Norton, and on his petition the Sheriff and Ex-officio Inheritance Tax Collector of the Parish of East Baton Rouge was ordered to show cause why the inheritance tax should not be fixed at the sum of $532.28the tax due on the value of the one-half community interest inherited by *910 him after deducting therefrom the value of the usufruct to which he was entitled. The inheritance tax collector maintained the value of the usufruct should not be taken into consideration in fixing the value of the property inherited by the surviving spouse and accordingly, asserted there was due an additional sum of $369.26 inheritance tax. There was no controversy as to the market values placed on the property.
The only issue, therefore, for resolution is whether there should be deducted the value of the usufruct from the value of the community interest inherited by the surviving spouse.
The tax collector appealed from a judgment of the Trial Court making the rule absolute and fixing the inheritance tax at the sum of $532.28.
We reiterate our observation "In re Stelly's Estate", La.App., 185 So. 637, page 640, as follows:
"The surviving spouse does not acquire the usufruct of the interest of the deceased spouse by inheritance, and for that reason she owes no inheritance tax on the value of that usufruct. Succession of Marsal, 118 La. 212, 42 So. 778; Succession of Gremillion v. Downs, Sheriff, La.App., 165 So. 481. But the fact that the surviving spouse owes no tax on the value of that usufruct does not mean that the usufruct has no value and does not decrease the value of the property on which it rests. Before the tax is fixed, the value of the property must be ascertained by deducting the value of the usufruct on it. * * *" (Emphasis supplied.)
The forced heirs renounced "* * any and all interests or claims to which they might be entitled, from the property and assets composing the community of acquets and gains existing between the late Mrs. Pearl L. Hatten Norton and John A. Norton." In the absence of parents, as is the case here, the renouncing heirs' portion, under LSA-C.C. Art. 1022, goes "to those in the next degree" and under LSA-C.C. Art. 915 the surviving spouse is the recipient of the accretion, as he is the heir in the next rank or degree. Paline v. Heroman, 211 La. 64, 29 So.2d 473. By virtue of the renunciations, the surviving spouse inherited from the de cujus that which the forced heirs renouncedthe naked interest in the community property.
Accordingly, the value of the property so inherited, the naked interest, must be determined by deducting the value of the usufruct from the value of the property.
For these reasons the judgment of the Trial Court is affirmed.
REID, J., dissents with written reasons.
REID, Judge (dissenting).
The only issue involved in this case is whether there should be deducted the value of the usufruct from the value of the community interest inherited by the surviving spouse where all the heirs have renounced. In my opinion the value of the usufruct cannot be deducted from the value of the community interest and the entire one-half interest inherited by the husband from the deceased wife should be taken as a basis for computing the inheritance tax.
Article 948 LSA-R.C.C. reads:
"When all the heirs in the nearest degree renounce the succession, which is accepted by those in the next degree, these last are considered as having succeeded directly and immediately to the rights and effects of the succession from the moment of the death of the deceased.
"Therefore the heirs, thus succeeding by the renunciation of relations nearer in degree, transmit the succession to their own heirs, if they die before having accepted it, in the same *911 manner as if they had succeeded in the first degree to the deceased."
Article 916 LSA-R.C.C. reads:
"In all cases, when the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed by last will and testament, of his or her share in the community property, the survivor shall hold a (in) usufruct, during his or her natural life, so much of the share of the deceased in such community property as may be inherited by such issue. This usufruct shall cease, however, whenever the survivor shall enter into a second marriage."
Under this Article the usufruct of the surviving partners in community is only on so much of the share of the deceased in such community property as may be inherited by the children.
Article 946 LSA-R.C.C. reads:
"Though the succession be acquired by the heir from the moment of the death of the deceased, his right is in suspense, until he decide whether he accepts or rejects it.
"If the heir accept, he is considered as having succeeded to the deceased from the moment of his death; if he rejects it, he is considered as never having received it."
Based on these codal articles it is my opinion when the heirs renounced the succession, the husband and father inherited the entire interest as though there had never been any children. There is no doubt but that the husband would in the event there had been no children, and no ascending heirs, inherited the community interest and would owe taxes based upon the entire value of the community half of the deceased wife.
I do not think the two cases cited in the majority opinion are in point. In the case "In Re Stelly's Estate" La.App., 185 So. 637 there was a forced heir and there was a usufruct. Paline v. Heroman, 211 La. 64, 29 So.2d 473 is a case holding the husband's portion of the community property after renunciation by both of his two children passed to the surviving widow in community, in the absence of parents, rather than to children of the heir who renounced. Neither of these two cases are authority for the holding of the majority in this case.
For these reasons I respectfully dissent.