LEMMON, Judge
(dissenting).
R.S. 47:2401 imposes a tax upon all inheritances and legacies. This is not a tax upon the property but upon its transmission by inheritance. Succession of Levy, 115 La. 377, 39 So. 37 (1905).
*640 When the death of one spouse causes dissolution of the community, C.C. art. 916 grants the surviving spouse a usufruct on the decedent’s share of the community property which was not disposed of by will and which is inherited by the issue of the marriage. Since the survivor does not acquire the usufruct by inheritance, this legal usufruct is not subject to the inheritance tax. Succession of Marsal, 118 La. 212, 42 So. 778 (1907). And since the heirs do not receive full ownership of the property (and will not in the normal course of events until the survivor’s death or remarriage), the value of the property transmitted to the heirs is calculated under R.S. 47:2405 by subtracting the discounted value of the usufruct (calculated according to a formula based on the life expectancy of the usu-fructuary) from the actual value of the succession property in full ownership.
The valuation of naked ownership for the purpose of inheritance tax presents numerous problems. The naked ownership of property has actual value (R.S. 47:2403) only in the present expectancy of future realization of benefits.. While the naked ownership can be sold, the sale in effect is that of the hope of obtaining full ownership, and any sale price does not really reflect a “market value,” but more a rank speculation on the parts of both buyer and seller as to the death or remarriage of the usufructuary.
Inheritance tax calculation is _ simple when the market value of the succession property can reasonably be determined. The market value of property subject to a usufruct, however, is not susceptible of precise valuation in the ordinary sense, because of the variables and uncertainties involved. The legislature in enacting R.S. 47:2405 established a valuation procedure, based on the presumption that the naked owner would survive the usufructuary and would attain full ownership after the usu-fructuary’s normal life expectancy.[1] Under this presumption the heir inheriting the naked ownership pays inheritance tax at the time of the inheritance although he does not then (and may never) enjoy full ownership.
This legislative scheme, while arbitrary, is fairly reasonable, at least as it applies to the valuation of the naked ownership in the succession in which the usufruct and naked ownership originate. Payment of inheritance tax by the original naked owner may reasonably be considered a prepayment on the receipt of full ownership. If the naked owner, however, fails to survive the usufructuary (and never receives any benefit from the inheritance on which he has already paid taxes), then it is unfair in my opinion to impose another inheritance tax upon the naked owner’s heirs, who inherit from the naked owner only the unfulfilled hope of some day receiving full ownership.[2]
In my opinion the naked owner of property subject to a legal usufruct should pay tax on his inheritance in the succession in which the usufruct and naked ownership are dismembered (as provided by R.S. 47:2405), and that naked ownership should never again be subject to further inheritance taxes, regardless of how many times that “hope of obtaining full ownership” is transmitted by inheritance.[3] When the enjoyment of the benefit of full ownership is never realized by the original naked owner, the right to that enjoyment should pass to *641 his heirs and legatees along with a credit for inheritance taxes already paid in expectation of full ownership. The expectation of full ownership will be realized only one time (when the usufruct is terminated), and the transmission of that right of expectation correspondingly should be taxed only one time.

. Under this assumption the legislature disregarded the possibility of remarriage and the life expectancy of the naked owner.

. The law of taxation can never be woven into a flawless pattern with the law of property relative to usufruct and naked ownership; the two threads simply do not fit exactly on the same legislative spinning wheel. It is the function of the courts to cope with the inherent flaws and to resolve the problems consistent with basic concepts of justice and fairness.

.This reasoning is not necessarily inconsistent with the concept that the tax is imposed on the transmission, rather than on the property. My suggestion would simply limit the tax to the first transmission of naked ownerhip.