508 So.2d 1377 (1987)
SUCCESSION OF John Wesley STEEN.
No. 87-C-0354.
Supreme Court of Louisiana.
June 22, 1987.
Rehearing Denied September 3, 1987.
Leon John Harrell, Jr., Baton Rouge, for applicant.
Alton Bayard, III, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Baton Rouge, for respondent.
WATSON, Justice.
When full ownership of a decedent's disposable portion has been bequeathed to a surviving spouse, can the spouse also inherit a testamentary usufruct over the disposable portion which can be deducted from the total value for state inheritance tax purposes?

FACTS
John Wesley Steen, domiciled in Abbeville, Louisiana, died testate on February 19, 1983, leaving a wife and two major children born of the marriage. In a last will and testament dated April 17, 1973, Steen left his wife a usufruct over the entire estate, including all separate and community property, until her death or remarriage. "In addition to the usufruct"[1] he gave his wife full ownership of the *1378 disposable portion of his estate and left the one-half forced portion to his two children. By a codicil dated May 13, 1982, Steen confirmed the legal usufruct over his community property, bequeathed a usufruct over his separate property, and provided that the usufructs would continue for the lifetime of his spouse, regardless of remarriage.
The surviving spouse, as executrix of the estate, filed a Louisiana Inheritance and Estate Transfer Tax return with the Louisiana Department of Revenue and Taxation. The total inheritance tax paid was $28,894, calculated by deducting from the gross value of the estate the value of the wife's usufruct over the entire estate based upon her life expectancy of sixty-seven years.
The Department filed a rule to collect additional inheritance taxes, alleging that the return over evaluated the usufructuary deduction, resulting in an understatement of the estate's tax liability. The Department contended that a usufruct over the disposable portion could not be deducted from the decedent's estate, because the disposable portion was bequeathed to the surviving spouse in full ownership. Additional taxes of $9,617.23, plus interest, were claimed.
The trial judge ruled in favor of the Department finding that additional inheritance taxes were due because the surviving spouse received both the naked ownership and usufruct of the disposable portion resulting in full ownership of that property. Therefore, no tax deduction could be allowed for the value of the testamentary usufruct over the disposable portion. The court of appeal reversed[2] finding that the legal usufruct over the disposable portion of the estate was not subject to inheritance taxes.[3] A writ was granted to consider the judgment of the court of appeal.[4]

LAW
Louisiana inheritance and estate transfer taxes are levied upon all inheritances, legacies, donations and gifts made in contemplation of death, unless specifically exempted. LSA-R.S. 47:2401. A benefit must be received in order for the tax to be levied. Succession of Martin, 234 La. 566, 100 So.2d 509 (1958).
LSA-R.S. 47:2405 entitled "Valuation of Annuity or usufruct and property subject thereto" provides a method for determining the value of an inheritance burdened with a usufruct. In assessing property burdened with a usufruct for inheritance tax purposes, the value of the usufruct, calculated under the American Experience Table of Mortality, must be deducted. Thus, LSA-R.S. 47:2405 allows a tax deduction to a naked owner for the value of a legal or testamentary usufruct, adjusting the value of inherited property where its enjoyment is postponed until expiration of a usufruct, right of use or habitation in favor of another person. In re Stelly's Estate, 185 So. 637 (La.App. 1 Cir.1939) explained:
"The purpose of the law, gathered from the whole act, is to impose the tax on all the property passing from the deceased to his heirs, whether by the laws of inheritance or by the will of the deceased, subject to certain exemptions, and the value of the property so passing for the purpose of fixing the tax is to be taken at its actual cash value at the time of the death of the deceased. Obviously, where the property is burdened with a usufruct, as in this case, it will not have the same value as it would without the usufruct. The minor child in this case, under the ordinary course of things, might not come into the enjoyment of his inheritance *1379 for thirty-one years, and it would be contrary to the provisions of the act to make him pay a tax on the inheritance which, when and if he comes into possession of it, may be worth little or nothing." 185 So. at 639.
Usufructs may be established by inter vivos or mortis causa acts. The usufruct created by juridical act is conventional while that created by operation of law is legal. LSA-C.C. art. 544.[5]
LSA-C.C. art. 890 provides for a legal usufruct in favor of a surviving spouse:[6]
"If the deceased spouse is survived by descendants and shall not have disposed by testament of his share in the community property, the surviving spouse shall have a legal usufruct over so much of that share as may be inherited by the descendants. This usufruct terminates when the surviving spouse contracts another marriage, unless confirmed by testament for life or for a shorter period.
"The deceased may by testament grant a usufruct for life or for a shorter period to the surviving spouse over all or part of his separate property.
"A usufruct authorized by this article is to be treated as a legal usufruct and is not an impingement upon legitime.
"If the usufruct authorized by this article affects the rights of heirs other than children of the marriage between the deceased and the surviving spouse or affects separate property, security may be requested by the naked owner."
Article 890 was formerly Article 916 of the Louisiana Civil Code, which stated:
"In all cases, when the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed by last will and testament, of his or her share in the community property, the survivor shall hold a [in] usufruct, during his or her natural life, so much of the share of the deceased in such community property as may be inherited by such issue. This usufruct shall cease, however, whenever the survivor shall enter into a second marriage."[7]
The new Article expands former Article 916 in five ways. First, the usufruct extends to all descendants and not just "issue of the marriage". Second, by testament, a spouse can extend the legal usufruct for life. Third, by testament, a spouse may grant a usufruct over all or part of his separate property. Fourth, any usufruct granted by a testator to a spouse is to be treated as a legal usufruct. Last, if the legal usufruct affects heirs who are not children of the marriage, the naked owners may request security.[8]
A legal usufruct is not included in the taxable value of property that passes intestate to a surviving spouse. Succession of Marsal, 118 La. 212, 42 So. 778 (1907). The value is excluded because a legal usufruct is not inherited but is a right arising out of the marital regime that passes to the surviving spouse by operation of law. The jurisprudence, now codified by Article 890, holds that any usufruct in favor *1380 of a surviving spouse, whether passing by intestacy or confirmed by testament, is a legal usufruct. While a testamentary usufruct to a surviving spouse is a tax-free legal usufruct, other testamentary usufructs are subject to Louisiana inheritance taxes. Succession of Baker, 129 La. 74, 55 So. 714 (1911).
A usufruct is a real right "on the property of another". LSA-C.C. art. 535.[9] A person who receives both the usufruct and the naked ownership in a portion of a decedent's estate inherits perfect ownership in that portion of the estate. A usufruct terminates by confusion when the usufruct and naked ownership are united in the same person. LSA-C.C. art. 622.[10] Confusion takes place because "neminem res sua servit," that is, no one can have a servitude on his own property.[11]

CONCLUSION
The court of appeal erred in holding that the Steen estate is entitled to have its inheritance taxes reduced by the usufructuary value of the estate's disposable portion.
Mrs. Steen received the benefit of full ownership of the disposable portion of her deceased husband's estate. Although the testament ostensibly grants a usufruct over the entire estate, as well as full ownership of the disposable portion, the result is full ownership of the disposable portion. The division essential to a usufruct is absent. A usufruct can only exist on the "property of another."[12] Consequently, no usufruct exists on the disposable portion and the value of a usufruct on the disposable portion of the estate cannot be deducted for inheritance tax purposes.
Mr. Steen gave Mrs. Steen a maximum usufruct, i.e., one over all of his community and separate property for life. He also gave her the maximum disposable portion of his estate in full ownership. The testator intended to benefit his surviving spouse with more than a usufruct over his estate, and she in fact received an additional benefit as to the disposable portion. The bequest of the disposable portion to the surviving spouse in full ownership provided her with an extra measure of security, giving her the right of free disposal[13] and freedom from accountability.[14] Since Mrs. Steen inherited the full ownership of her husband's disposable estate, she could not also inherit a usufruct over that portion. Because she has full ownership, she must pay Louisiana state inheritance taxes on the full value of the disposable portion.[15]

DECREE
For the foregoing reasons, the judgment of the court of appeal is reversed and the trial court judgment is reinstated.
REVERSED AND RENDERED.
LEMMON, J., concurs.
CALOGERO, J., dissents for the reasons assigned by the Court of Appeal.
NOTES
[1] Tr. 27.
[2] Succession of Steen, 499 So.2d 1338 (La.App. 3 Cir.1986).
[3] The court of appeal relied on Succession of Norton, 157 So.2d 909 (La.App. 1 Cir., 1963), where the wife died intestate survived by her husband and four forced heirs. All of the forced heirs renounced her succession which resulted in her community half devolving to her surviving spouse. The surviving spouse deducted the value of the legal usufruct to calculate the inheritance taxes. The Norton majority allowed the deduction, reasoning that since the surviving spouse did not acquire the usufruct by inheritance but by operation of law, no tax was owed on the value of the usufruct.
[4] Succession of Steen, 502 So.2d 1092 (La., 1987).
[5] LSA-C.C. art. 544 provides:

"Usufruct may be established by a juridical act either inter vivos or mortis causa, or by operation of law. The usufruct created by juridical act is called conventional; the usufruct created by operation of law is called legal.
"Usufruct may be established on all kinds of things, movable or immovable, corporeal or incorporeal."
[6] For a historical discussion of Article 890, see 28 Loyola Law Review 1095 (1982).
[7] Louisiana Acts 1981, No. 919 revised, amended and reenacted the Preliminary Title and Chapters 1, 2, and 3 of Title I of Book III of the Revised Civil Code of 1870 containing Articles 870 through 933. Louisiana Acts 1981, No. 911 amended and reenacted Article 916 of the Revised Civil Code of 1870. Act 911 became effective on September 11, 1981, and Act 919 became effective on January 1, 1982. It appears that the codicil to decedent's will dated May 13, 1982, was in response to the revised and amended version of former Article 916 in that he "confirmed" the usufruct over the community as provided in paragraph one and he "bequeathed" the usufruct over his separate property, as provided in the second paragraph of that article.
[8] This paragraph establishes an exception to the general rule of LSA-C.C. art. 573, under which legal usufructuaries are not required to give security.
[9] LSA-C.C. art. 535 provides:

"Usufruct is a real right of limited duration on the property of another. The features of the right vary with the nature of the things subject to it as consumables or nonconsumables."
[10] LSA-C.C. art. 622 provides:

"A usufruct terminates by confusion when the usufruct and the naked ownership are united in the same person.
"The usufruct does not terminate if the title by which the usufruct and the naked ownership were united is annulled for some previously existing defect or some vice inherent in the act."
[11] See comment (b) under LSA-C.C. art. 622.
[12] See LSA-C.C. art. 535.
[13] See LSA-C.C. art. 454.
[14] LSA-C.C. arts. 576 and 589.
[15] In Succession of Norton, supra, a deduction was allowed for the value of a usufruct over property the surviving spouse received in full ownership as a result of renunciation by the forced heirs. Insofar as Norton conflicts with the result in this case, it is incorrect.