|2KUHN, Judge.
This is an appeal from a judgment denying plaintiff-in-rule full ownership of his legitime under La. C.C. art. 1499. We affirm.
I. ISSUE
The issue in this appeal is whether the usufruct granted to a surviving spouse is testamentary so as to permit a forced heir the right to receive his legitime in full ownership.
II. FACTS AND PROCEDURAL BACKGROUND
Charles Joseph Malbrough, Sr., died on March 3,1993. He was survived by his wife, Mary B. Malbrough (appellee herein) two sons and a granddaughter.[2] Decedent’s last will and testament, dated January 7, 1992, was duly admitted to probate. The will states, in relevant part,
I have been married but once, and then unto, . MARY F. BRISTER MALB-ROUGH, with whom I am presently living and residing. Of the union between myself and MARY F. BRISTER MALB-ROUGH, only three (3) children were born, namely: PHILLIP S. MALB-ROUGH, MARK D. MALBROUGH and CHARLES J. MALBROUGH, JR., all of whom are over the age of twenty-three (23) years and competent adults....
I leave and bequeath unto my wife, MARY F. BRISTER MALBROUGH, the usufruct, for life, over all of the community and/or separate property of which I die possessed, including the use of the family home, all as provided for under the Succession provisions of the Louisiana Civil Code and including, but not limited to, La. C.C. A-ticle 890.
I expressly grant to my wife, MARY F. BRISTER MALBROUGH,. as lifetime usufructuary, the right to sell, mortgage, lease or otherwise dispose of all assets subject to the usufruct, whether the assets are consumable or non-consumable things. Such disposition shall not require the consent of the naked owners. The usufruct shall not terminate upon such disposition and shall attach to the proceeds and any reinvestment thereof. My wife, MARY F. *633 BRISTER MALBROUGH, shall have the power and authority to convert any and all property which is not productive of income into income producing property and to convert any or all non-consumable property into consumable property. I grant to my wife, MARYjgF. BRISTER MALB-ROUGH, every power that a usufructuary may have under the laws in effect at the time of my death or that may be allowed by any subsequent law.
I leave and bequeath unto my children, PHILLIP S. MALBROUGH, MARK D. MALBROUGH and CHARLES J. MALB-ROUGH, JR., the naked ownership of my entire estate, in equal portion of an one-third (1/3) interest each, subject to the usufruct, for, life, granted in favor of my wife, MARY F. BRISTER MALB-ROUGH.
Mark D. Malbrough, appellant, son of decedent and appellee, filed a petition for delivery of legitime on April 12, 1994. On September 19, 1994, appellant moved for partial. summary judgment asserting that as a forced heir of decedent he has the option to either execute the disposition which bequeaths to him a 1/3 interest in the estate of decedent or to receive his forced portion in full ownership while abandoning the remainder of the bequest to his mother in full ownership, in accordance with the provisions of La. C.C. art. 1499. A hearing was held on January 23, 1995. On June 20, 1995, the trial court rendered “REASONS AND JUDGMENT” wherein appellant’s motion for partial summary judgment was denied.[3] Mark Malb-rough appeals.
III. ANALYSIS
A legal usufruct is one created by operation of law. La. C.C. art. 544. At the time of decedent’s death, La. C.C. art. 890 provided in relevant part:
If the deceased spouse is survived by descendants and shall not have disposed by testament of his share in the community property, the surviving spouse shall have a legal usufruct over so much of that share as may be inherited by the descendants. This usufruct terminates when the surviving spouse contracts another marriage, unless confirmed by testament for life or for a shorter period.
The deceased may by testament grant a usufruct for life or for a shorter period to the surviving spouse over all or part of his separate property.
|,A usufruct authorized by this Article is to be treated as a legal usufruct and is not an impingement upon legitime.
Ordinarily the usufructuary does not have the right to dispose of nonconsumable things; however, he may do so when the right has been expressly granted to him. La. C.C. art. 568.
At the time of decedent’s death, La. C.C. art. 1499 provided:
If the disposition made by donation inter vivos or mortis causa, be of a usufruct, or of an annuity, the value of which exceeds the disposable portion, the forced heirs have the option, either to execute the disposition or to abandon to the donee the ownership of such portion of the estate as the donor had a right to dispose of.[4] (Footnote added.)
*634 Appellant urges “the right to sell, mortgage, lease or otherwise dispose of all assets subject to the usufruct, whether the assets are consumable or non-consumable things” given to appellee in decedent’s testament grants greater rights than statutorily conferred upon a legál usufruct, and that Article 890 does not allow for the “excessive powers granted the usufructuary in this instance.” Therefore, appellant urges, appellee’s usu-fruct must be deemed testamentary rather than legal. Once classified as a testamentary usufruct, appellant maintains, the option provided for in Article 1499 is available to him.
In Succession of Steen, 508 So.2d 1377, 1379 (La.1987), the Louisiana Supreme Court in comparing La. C.C. art. 890 with its predecessor, La. C.C. art. 916,[5] explained:
| sArticIe [890] expands former Article 916 in five ways. First, the usufruct extends to all descendants and not just “issue of the marriage”. Second, by testament, a spouse can extend the legal usufruct for life. Third, by testament, a spouse may grant a usufruct over all or part of his separate property. Fourth, any usufruct granted by a testator to a spouse is to be treated as a legal usufruct. Last, if the legal usufruct affects heirs who are not children of the marriage, the naked owners may request security. (Emphasis added.)
Because by testament decedent bequeathed to appellee, his surviving spouse, a usufruct, in accordance with Succession of Steen, we conclude the usufruct granted is a legal usu-fruct.
Additionally, we note that unless there is an adverse testamentary disposition to the legal usufruct, the surviving spouse inherits, by operation of law, a usufruct of the estate to the extent permitted by Article 890. Morgan v. Leach, 96-0173, p. 4 (La.App. 1st Cir. 9/27/96), 680 So.2d 1381, 1383. Because a bequest to a spouse of more than the law allows is not an adverse disposition, it is treated as a confirmation of a legal usufruct. Winsberg v. Winsberg, 233 La. 67, 96 So.2d 44, 47 (1957); Morgan, 680 So.2d at 1383. In the case sub judice, we find “the right to sell, mortgage, lease or otherwise dispose of all assets subject to the usufruct, whether the assets are consumable or non-consumable things,” granted to appellee is not an adverse disposition. Therefore, we conclude as a confirmation of the legal usu-fruct, it is not an impingement of appellant’s legitime.
Accordingly, having determined the usu-fruct bequeathed to appellee by decedent in his testament is a legal usufruct, under the plain language of Article 890, we find it is not an impingement on appellant’s legitime, and therefore, appellant is not afforded a remedy under Article 1499.
1 (¡CONCLUSION
For the reasons herein expressed, the judgment denying the motion for partial summary judgment filed by appellant, Mark D. Malbrough, is affirmed. All costs of this appeal are assessed against appellant.
AFFIRMED.

. A third son, born of the marriage, predeceased decedent. Decedent's predeceased son is represented in the succession by decedent's granddaughter.

. Subsequent to the hearing, on February 17, 1995, appellee filed a peremptory exception raising the objection of no cause of action, urging that the remedy provided for in La.C.C. art. 1499 was unavailable to appellant. In a- single document entitled "REASONS AND JUDGMENT," the trial judge "VACATED" appellee’s exception. We conclude that by vacating appellee’s peremptory exception, the trial judge found it unnecessary to address the objection of no cause of action because appellant's partial motion for summary judgment was denied. The parties have not assigned error to this ruling.

. By La. Acts 1996, No.77 of the First Extraordinary Session, the legislature amended C.C. art. 1499 to read as follows:
The decedent may grant a usufruct to the surviving spouse over all or part of his property, including the forced portion, and may grant the usufructuary the power to dispose of non-consumables as provided in the law of usu-fruct. The usufruct shall be for life unless expressly designated for a shorter period.
A usufruct over the legitime in favor of the surviving spouse is a permissible burden that does not impinge upon the legitime, whether it affects community property or separate property, whether it is for life or a shorter period, whether or not the forced heir is a descendant of the surviving spouse, and whether or not the usufructary has the power to dispose of non-consumables.

. Louisiana Acts 1981, No. 919, revised, amended and reenacted the Preliminary Title and Chapters 1, 2, and 3 of Title I of Book III of the Revised Civil Code of 1870 containing Articles 870 through 933. Louisiana Acts 1981, No. 922 amended and reenacted Article 916 of the Revised Civil Code of 1870.