BOLIN, Judge.
From judgment decreeing the Louisiana Inheritance Tax should be computed on the entire corpus of a Louisiana trust, the remainder of which would pass to a tax exempt charitable institution upon the death of the income beneficiary, the testamentary ■executor appeals. In this court the inheritance tax collector filed an exception of no cause or right of action.
James M. Lindsey, who was married but once, died testate in April 1964, survived by his wife. No children having been born of the marriage and his parents having predeceased him, he left no forced heirs. After providing for several special legacies, the testator bequeathed the remainder of his interest in the community property to a Shreveport bank as trustee for his wife. The trustee was directed to administer the property and the following provisions in the will provoked the present litigation:
******
“The Trustee shall pay unto my wife in monthly installments approximately one-twelfth (bh) of the net annual income of said trust. In the event the net income is not sufficient for my wife’s needs, and she requests additional monies from the Trustee, the Trustee shall be authorized to pay any additional amounts which might be needed by my wife for her support, comfort or maintenance, even though it may take part or all of the principal for this purpose. The Trustee shall not be responsible for any funds which it may deliver to my wife for these purposes.
******
“After the death of my wife, the Trustee shall, within a reasonable time, deliver the assets held by them to the Southwestern Baptist Theological Seminary, Fort Worth, Texas, * * * ”
Appellee’s exception is based on the contention the will is null as containing a prohibited substitution. We find it unnecessary to go into the question of the validity of the will which, having been probated, is immune from collateral attack by the state. State v. Martin, 2 La.Ann. 667 (1847).
On the merits appellant attempted to introduce evidence tending to prove Mrs. Lindsey, as income beneficiary under the trust, would probably never need to invade the corpus of the trust. It was contended evidence of her monthly income from the trust, her ownership of an undivided one-half interest in the community, valued at approximately $79,899.06, and her frugal habits of living would show she would have sufficient income for her comfort and needs for the remainder of her life. The trial court, adopting the argument of counsel for the inheritance tax collector, refused to admit proof of these contentions because the trust provision authorized the trustee to invade the corpus of the trust for any amount needed for the comfort or maintenance of the wife. It is this authorization permitting invasion of principal which created the present problem.
*671 It is evident that if the trustee had not been vested with authority to invade the principal of the trust no inheritance taxes would be due on the portion of decedent’s estate placed in trust since it is stipulated the assets remaining at the death of the beneficiary would pass to a tax exempt institution. Louisiana Constitution Article 10, Sec. 7.
Appellant cites Federal cases holding, under decisions and rulings interpreting the Federal Estate Tax, evidence is permissible to show the likelihood of the income beneficiary invading the corpus during her lifetime. Appellee does not contest the correctness of the decisions cited by appellant and concedes that, where the trustee is allowed under certain circumstances to invade the principal, the Federal Estate Tax computation is based upon the life expectancy of the beneficiary and the probability of invasion of the principal, but counters with the argument that Louisiana has levied an inheritance tax as distinguished from the estate tax imposed by Federal law.
It is recognized our inheritance tax is different from the Federal tax which is imposed on the right to transmit property from the dead to the living, and is measured by the value of the interest transferred and not on benefits received by the legatee. See decisions cited in 26 U.S.C.A. pages 65 and 66, preceding Sec. 2001, relating to and describing the nature of estate taxes generally.
The Louisiana Supreme Court has classified the tax provided in Louisiana Revised Statute 47:2401 as follows :
“ ‘The tax is upon the right to take and receive the legacies and not upon the right to give or bequeath them, and hence the tax must be borne by the legatees.’ This doctrine is equally applicable in the instant case for the reason that the tax is upon the right to take and receive the inheritance. In other words, it is a tax on the privilege to inherit.” (Emphasis added.) State v. Succession of Brewer, 190 La. 810, 182 So. 820 (1938).
As far as we are able to ascertain the issue presented is res nova in this state. The Louisiana inheritance tax statutes are contained in Title 47, beginning at Section 2401. It is provided in that Section:
“There is hereby levied a tax upon all inheritances, legacies and donations and gifts made in contemplation of death, except such as are hereinafter specifically exempted.”
Admittedly, an exemption is allowed in favor of the surviving spouse by Louisiana Revised Statute 47:2402. However, we are unable to find any other provisions of law which would exempt this trust from the Louisiana inheritance tax simply because Mrs. Lindsey may not invade the principal, since the quoted portion of the trust instrument permits almost unlimited invasion. However, the authority given the trustee to invade the principal of the trust for the benefit of the surviving spouse confers a right to use the entire estate, and since there is no statutory authority for calculating the amount which may be used, we conclude the entire corpus of the trust, less the exemption, is the proper amount subject to the inheritance tax. The trial judge was, therefore, correct in refusing to allow the proof offered.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
Affirmed.