229 So.2d 749 (1969)
Succession of John R. BELLINGER.
No. 7764.
Court of Appeal of Louisiana, First Circuit.
November 17, 1969.
Rehearing Denied December 22, 1969.
Writ Refused February 6, 1970.
Frank M. Coates, Jr., of Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for appellant.
Byron R. Kantrow, Jr., of Kantrow, Spaht, Weaver & Walter, Baton Rouge, for appellee.
Before LOTTINGER, REID and BLANCHE, JJ.
LOTTINGER, Judge.
This proceeding along with "In the Matter of the Succession of Corinne Strauss *750 Kaufman," 229 So.2d 752 of this Court have been consolidated. Therefore, the reasons expressed herein are applicable to both cases. From a judgment in favor of the inheritance tax collector in and for the Parish of East Baton Rouge, the successions have appealed.
The record points out that in both cases, the decedents established trusts which set up the surviving spouse as the income beneficiary to either all or a part of the income of the trust, and a child, children or grandchildren as the principal beneficiaries. The trust instruments further provided the trustee could invade the principal of the trust for the support and maintenance of the income beneficiary. One trust declared "to the extent deemed advisable" by the trustee, and the other as the "Trustee deems in its sole discretion."
The appellants contend that the income interest of the surviving spouse should be treated as a usufruct and taxed as such. The inheritance tax collector contends that under the ruling of the Second Circuit in Succession of Lindsey, La.App., 179 So.2d 669 (1965), the entire principal of the trust should be taxed to the income beneficiary.
In the Lindsey case, supra, the decedent was married but once and died testate survived by his wife. No children were born of the marriage and his parents having predeceased him, he left no forced heirs. After making several special legacies, the testator bequeathed the remainder of his interest in the community property to a Shreveport bank as trustee for his wife. The trust instrument provided that the trustee was to pay to the surviving wife the net annual income from the trust. It further provided that if the net annual income was not sufficient for the wife's needs, and she requested additional funds from the trust, the trustee was authorized to pay these funds to her without any responsibility for the funds so delivered. On the death of the wife the remaining assets of the trust were to pass to a tax exempt institution. The Court concluded that since the trustee was given authority to invade the principal of the trust for the benefit of the surviving spouse, authority was rendered to use the entire corpus of the trust. The Court concluded that there was no statutory authority for calculating the amount of the corpus of the trust which could be used, and therefore the entire corpus of the trust, less the exemption allowed in favor of the surviving spouse by LSA-R.S. 47:2402, was the proper amount subject to the inheritance tax.
Though the instant cases are similar to the Succession of Lindsey, supra, in that invasion of the corpus of the trust is allowed, there is a distinct distinguishing feature in that in the Succession of Lindsey, supra, there were no forced heirs, whereas in both of the instant cases there are forced heirs. LSA-R.S. 9:1847 provides:
"A trustee may not pay principal to an income beneficiary if the payment would deprive another beneficiary of all or a part of his legitime, notwithstanding any contrary provision of the trust instrument."
It seems quite clear therefore that the maximum amount which the trustee could invade the corpus of the trust would be to the extent of the disposable portion of the decedent's estate.
In calculating what would be the disposable portion, we know of no provisions which would not require that the disposable portion be computed on the entire estate of the decedent, that is his estate both within and without the trust. In fact, LSA-R.S. 9:1737 provides:
"A settlor may dispose of property in trust to the same extent that he may dispose of that property free of trust and to any other extent authorized by this Code. * * *."
And Comment (a) thereunder states:
"Except as provided in Secs. 1841-1847 treating the legitime in trust, Secs. 1891-1906, treating class trusts, and Secs. 1921, *751 1922, treating trust for employees, the rules that treat of collation (Arts. 1227-1228, R.C.C.) and of the legitime (Arts. 1493-1501, R.S.C.) apply to a transfer of an interest made in favor of a particular beneficiary in trust to the same extent that they would apply if a transfer of a comparable interest were made free of trust."
Simply because the disposable portion may be 1/3, ½ or 2/3rds, does not necessarily mean that this particular amount or percentage must be attributed to the trust and all of the disposable portion placed within the trust. In determining whether any part of the disposable portion falls within the confines of the trust, one must look at the facts of such particular situation. Therefore, as to that part of the disposable portion which falls within the trust, the rule as set forth in Succession of Lindsey, supra, must control, and that amount would be taxable to the income beneficiary because of the invasion provisions of the trust instrument.
It is a general rule that tax laws are to be interpreted liberally in favor of the taxpayer. Hibernia National Bank v. Louisiana Tax Commission, 195 La. 43, 196 So. 15 (1940). Though LSA-R.S. 47:2405 does not use the terms income beneficiary or income interest, we are of the opinion that under the facts of the instant cases income interest or income beneficiary would be synonymous with usufruct as used in this particular section.
In the instant cases, if no trust would have been created, the surviving spouse would have had the usufruct over the portion of the community property going to the children born of the marriage. LSA-C.C. Art. 916. Further, there is no question but that a decedent can legally bequeath to his or her surviving spouse the disposable portion of the decedent's estate or the usufruct thereon. Winsberg v. Winsberg, 233 La. 67, 96 So.2d 44 (1957). But the question is raised that the term usufruct was not here used, and rather the term income beneficiary or income interest was used. LSA-R.S. 9:1844 provides:
"The legitime in trust may be burdened with an income interest or with a usufruct in favor of a person other than the forced heir to the same extent that a usufruct of the same property could be stipulated in favor of the same person for a like period."
Comment (c) of this particular section further provides, "an income interest in a trust is an alternative to a usufruct." Though as Comment (c) points out, the rights of an income beneficiary are not precisely the same as the rights of the usufructuary, we are of the opinion that under the facts of the particular cases before us, the two terms are interchangeable. Here we have a surviving spouse who under the law would ordinarily have the legal usufruct over that portion of the community property being inherited by the children of the marriage. The decedent has seen fit to place a certain portion of his estate in trust and to grant to his surviving spouse the income benefit of this estate. As far as the income benefit is concerned, the surviving spouse is certainly not getting any more than would be granted under a usufruct. We therefore feel, that even though the inheritance tax sections of our law do not speak in terms of an income interest or income benefit, but rather in terms of a usufruct, we feel that the same tax rules should be applicable here.
Therefore, as to the nondisposable portion or forced portion of the estate of the decedent which is in trust, the tax rules and regulations as applicable to usufruct would apply. Any part of the legitime which is within the trust and over which the surviving spouse would normally have a legal usufruct, no inheritance tax would be due by the surviving spouse or income beneficiary as to the value of that usufruct. Succession of Marsal, 118 La. 212, 42 So. 778 (1907). Inheritance tax would be due by the surviving spouse on the value of the usufruct or income interest which would be *752 held as to any part of the estate in the trust and which was not being taxed under the theory of Succession of Lindsey, supra, or not exempted under Succession of Marsal, supra.
Because the records on appeal do not contain all of the facts necessary to determine the exact amount of tax due, these matters are remanded to the Trial Court for proper disposition. Therefore, in accordance with the above reasoning, the judgments rendered in the instant consolidated cases are reversed and the cases remanded to the Trial Court for proper calculation of the taxes due.
Judgment reversed and case remanded.