274 So.2d 471 (1973)
Succession of Corinne Strauss KAUFMAN.
No. 9217.
Court of Appeal of Louisiana, First Circuit.
February 28, 1973.
*472 Victor A. Sachse, Breazeale, Sachse & Wilson, Baton Rouge, for appellant.
William H. Cooper, Jr., Baton Rouge, for appellee.
Before SARTAIN, BLANCHE and WATSON, JJ.
WATSON, Judge.
This matter concerns the amount and allocation of the inheritance taxes due the State of Louisiana from the estate of Corinne Strauss Kaufman. The attorney representing her heirs originally calculated the amount due to be $638.83; $520.60 being owed by her daughter and $118.23 being owed by her three grandchildren. Bryan Clemmons, Sheriff and Ex-Officio Tax Collector for the Parish of East Baton Rouge, opposed the rule to fix the inheritance taxes, contending that a larger sum was due.
At issue is the will of Corinne Strauss Kaufman, which established a trust naming her husband, Louis Kaufman, beneficiary of 85% of the income and her daughter, Mrs. Florette Newman, beneficiary of 15% of the income. Three grandchildren were made principal beneficiaries. A provision in the will enabled the trustees to invade the trust property to the extent "deemed advisable to care for my husband, limited only by the law protecting the legitime of my daughter, and, after my husband's death to the extent deemed advisable to care for my daughter." (TR. 4, 5).
At the hearing on the rule, the trial court sustained the Sheriff and Ex-Officio Tax Collector's contention that the computation of the heirs and taxpayers was incorrect. The rule was recalled, and the taxpayers appealed for the first time to this court.
At that time, the matter was consolidated with Succession of Bellinger, 229 So. 2d 749 (1st La.App.1969), and reported as Succession of Kaufman, 229 So.2d 752 (1st La.App. 1969), writs refused, 255 La. 279, 230 So.2d 587 (1970). This court followed the ruling of the Second Circuit in Succession of Lindsey, 179 So.2d 669 (2nd La.App. 1965), holding that the trustees' authority to invade the corpus of the trust made the entire corpus taxable to the income beneficiary. However, there were no forced heirs in Succession of Lindsey, supra, and, on that point, this court distinguished the two cases, holding in Succession of Bellinger that:
"It seems quite clear therefore that the maximum amount which the trustee *473 could invade the corpus of the trust would be to the extent of the disposable portion of the decedent's estate.... Therefore, as to that part of the disposable portion which falls within the trust, the rule as set forth in Succession of Lindsey, supra, must control and that amount would be taxable to the income beneficiary because of the invasion provisions of the trust instrument." 229 So.2d 749 at 750, 751.
Further, the court found that under the facts in this case the husband's beneficiary interest is tantamount to the legal usufruct he would enjoy in the absence of a will.
"Therefore, as to the nondisposable portion or forced portion of the estate of the decedent which is in trust, the tax rules and regulations as applicable to usufruct would apply. Any part of the legitime which is within the trust and over which the surviving spouse would normally have a legal usufruct, no inheritance tax would be due by the surviving spouse or income beneficiary as to the value of that usufruct. Succession of Marsal, 118 La. 212, 42 So. 778 (1907)." 229 So.2d 749 at 751.
The case was reversed and remanded for calculation of the taxes due according to these findings.
The trial court computed the inheritance taxes and we quote the calculations found at TR. 56-60, as follows:

 * * * * * * * * * * * * *
A. Calculation of Net Taxable Estate
 1. Gross Estate $71,132.02
 a. Separate Property $15,000.00
 b. Community Property $56,132.02
 2. Net Separate Property $13,919.97
 a. Gross Separate Property 15,000.00
 b. Less Separate Debts 1,080.03
 ___________
 $13,919.97
 3. Net Community Property $52,068.09
 a. Gross Community Property $56,132.02
 b. Less Community Debts 4,063.93
 __________
 $52,068.09
 4. Net Taxable Estate $65,988.06
 a. Net Separate Property $13,919.97
 b. Plus Net Community Property $52,068.09
 __________
 $65,988.06
 * * * * * * * * * * * * *
B. Calculation of Legitime and Disposable Portion
 Net Taxable Trust Estate $65,988.06
 1. Legitime
 1/3 × $13,919.97
 (Separate Property) = $4,639.99
 2/3 × $52,060.09
 (Community Property) = 17,356.03
 __________
 Net Legitime in Trust $21,996.02
 2. Disposable Portion
 2/3 × $13,919.97
 (Separate Property) = $9,279.98
 2/3 × $52,060.09
 (Community Property) = 34,712.06
 __________
 Net Disposable Portion in
 Trust = $43,992.04
 * * * * * * * * * * * * *

*474
C. Calculation Value Mr. Kaufman's Income Interest
 Life expectancy of Mr. Kaufman (Age 76) 5.88 years
 Net Value of $1.00 in 5 years .747258
 Net Value of $1.00 in 6 years .704961
 Net difference .042297
 88% of difference .037221
 Net Value in 5 years .747258
 Less interpolation .030037
 Net value naked ownership .710037
 Net value usufruct in 5.88 years .289963
 $65,988.06 × .289963 = $19,134.09
 $19,134.09 = Total value 100% usufruct for 5.88 years
 $19,134.09 × 85% = $16,263.98
 $16,263.98 = Total value Mr. Kaufman's 85% income interest in total trust estate.
 Net value Trust Estate = $65,988.06
 Less Legitime in
 Trust subject of non-taxable
 legal usufruct = $17,356.03
 __________
 Net Trust Estate subject
 to taxable income
 interest $48,632.03
 $48,632.03 × .289963 = $14,102.95
 $14,102.95 × 85% = $11,987.50
 $16,263.98 Gross value 85% income interest Mr. Kaufman for 5.88 years
 $11,987.50 Less taxable income interest of Mr. Kaufman for 5.88 years
 __________
 $ 4,276.48 Gross value non-taxable income interest
 Mr. Kaufman equivalent to legal usufruct.
D. Calculation Inheritance Taxes Due by Mr. Louis Kaufman.
 1. Amounts Subject to Tax
 a. $45,992.04 corpus of trust subject to trustees' power of invasion
 b. $11,987.50 taxable income interest of trust estate
 __________
 c. $55,979.54 TOTAL TAXABLE
 2. Gross Taxable Estate = $55,979.54
 Less Personal Exemption -5,000.00
 __________
 Taxable Estate $50,979.54
 3. Tax
 $20,000.00 × .02% = $400.00
 $30,979.54 × .03% = 929.38
 _________
 $1,329.38
 4. Tax Due: $1,329.38
E. Calculation Inheritance Taxes Due by Mrs. Florette Newman
 * * * * * * * * * * * * *
 $65,988.06 × .289963 = $19,134.09
 $19,134.09 × .15% = 2,870.11
 $ 2,870.11 Taxable value of usufruct
 $21,996.02 Legitime in Trust Subject to Invasion
 __________
 $24,866.13 Gross Taxable Estate
 $24,866.13 Gross Taxable Estate
 -5,000.00 Less personal exemption
 __________
 $19,866.13 Net Taxable Estate
 $19,866.13 × .02% = $397.32
 Tax Due: $397.32
F. Recapitulation Inheritance Tax Due
 Mr. Louis Kaufman $1,329.38
 Mrs. Florette Newman 397.32
 _________
 $1,726.70
 * * * * * * * * * * * * *

*475 The taxpayers have again appealed to this court, alleging error in the assessment of the inheritance taxes. Their able attorneys argue that Succession of Lindsey, supra, should not be followed. Rather, they suggest that this court examine the likelihood of the corpus of the trust being invaded for Mr. Kaufman's benefit (a position in accord with the federal jurisprudence) and conclude that, since there is no probability of invasion of the trust property, the income beneficiary should not be taxed as to the corpus. In the alternative, they argue that a maximum of $1,325.59 is due, even under the Lindsey rule.
The attorney for Al Amiss, now Sheriff and Ex-Officio Tax Collector for the Parish of East Baton Rouge, contends that the income interest of Mr. Kaufman cannot be equated with the usufruct of the surviving spouse. Therefore, he argues that $1,855 is due, which is a larger amount than that set by the trial court.
We have determined that the foregoing calculations by the trial court are obviously in error, since Mr. Kaufman is being taxed on an estate of $55,979.54 and Mrs. Newman on an estate of $24,866.13 or a total of $80,845.67, which is more than the total value of Mrs. Kaufman's estate, admitted to be $65,988.06. The sum of the parts cannot exceed the whole, a proposition proved by Euclid, and, in our opinion, still valid.
This court finds some difficulty in following Succession of Lindsey, supra, and our previous decision, expressed in Succession of Bellinger, supra, because to do so necessitates holding that Mr. Kaufman's beneficiary interest in his wife's separate estate is tantamount to full ownership. However, we feel bound in the interests of consistency and uniformity to follow the previous decisions. As to that portion of the Bellinger decision equating Mr. Kaufman's income interest in his wife's community estate to the usufruct he would enjoy in the absence of a trust, we are in complete accord.
We have concluded that the proper method of fixing the inheritance tax under Mrs. Kaufman's will is to determine first the tax liability of Mr. Kaufman on that which is taxable to him, then to fix the daughter's tax liability on that which is taxable to her, and finally to calculate the tax due by the grandchildren as principal beneficiaries.
I. Mr. Kaufman has a non-taxable income equivalent to a legal usufruct as to that part of his trust income attributable to community assets. He owes inheritance taxes on three things: (1) the naked ownership of the disposable 2/3rds of his wife's half of the community; (2) an 85% usufruct of his wife's separate property; and (3) the naked ownership of the disposable 2/3rds of his wife's separate property.

(1.) Mrs. Kaufman's ½ of the
 community : $52,068.09
 Less the value of the usufruct according
 to R.S. 47:2401 et seq. : $15,097.82
 Naked ownership of community : $36,970.27
 Disposable 2/3rds : $24,644.38
(2.) Mrs. Kaufman's separate property : $13,919.97
 Value of usufruct according to
 R.S. 47:2401, et. seq. : $ 4,036.28
 Mr. Kaufman's 85% interest : $ 3,430.84
(3.) Mrs. Kaufman's separate property : $13,917.97
 Less the value of the usufruct according
 to R.S. 47:2401, et. seq. : $ 4,036.28
 __________
 Naked ownership of separate
 property : $ 9,881.69
 Disposable 2/3rds : $ 6,587.13

The total of items (1.), (2.) and (3.) is the amount on which Mr. Kaufman owes inheritance taxes:

(1.) $24,644.38
(2.) 3,430.84
(3.) 6,587.13
 __________
 $34,662.35
Mr. Kaufman's taxable inheritance : $34,662.35
Less personal exemption : 5,000.00
 __________
Subject to tax : $29,662.35
$20,000 taxed at 2% (R.S. 47:2403) : $ 400.00
$9,662.35 taxed at 3% (R.S. 47:2403): 289.87
 __________
Mr. Kaufman's taxe $ 689.87

*476 II. Mrs. Newman was bequeathed at 15% income interest in her Mother's separate and community property during her Father's lifetime.

 Amount subject to the trust : $65,988.06
 Value of 100% usufruct according
 to R.S. 47:2405 : 19,134.10
 Less Mr. Kaufman's 85% : 16,263.99
 15% income interest of Mrs. Newman: $ 2,870.11
 Less personal exemption : 5,000.00
 ___________
 Tax due -0-

It is noted that the income interest inherited by Mrs. Newman is not sufficient for her forced portion or legitime. Succession of Williams, 184 So.2d 70 (4th La. App.1966). Compare LSA-R.S. 9:1845. However, she does not contest the will.
The provision allowing the trustees, after Mr. Kaufman's death, to invade the corpus of the trust for the benefit of Mrs. Newman is a contingent one. We feel that the tax situation has to be considered as of the death of the testatrix and not as it may present itself at a future date. Therefore, we conclude that this provision does not affect Mrs. Newman's tax liability.
III. Mrs. Kaufman's will further provided for successive and contingent income beneficiaries, as authorized by LSA-R.S. 9:1807, in the persons of her daughter, son-in-law and three grandchildren. Since these successive rights to the income from Mrs. Kaufman's estate did not come into being at the time of her death and indeed may never be received by some of the contingent beneficiaries, they do not form part of the estate transmitted by her will. An interest in income terminates upon the death of an income beneficiary. These future rights to the income are not taxable under the Louisiana inheritance tax law, because the tax is not due until there is seizin in fact of the inheritance. Succession of Martin, 234 La. 566, 100 So.2d 509 (1958).
The three grandchildren, Hubert Lee Newman III, Louis Kaufman Newman and Carol Louise Newman, the principal beneficiaries of Mrs. Kaufman's will, were vested with their rights at the time of Mrs. Kaufman's death. Crichton v. Succession of Gredler, 256 La. 156, 235 So.2d 411 (1970). As Professor Leonard Oppenheim has observed in his "Introduction to the Louisiana Law of Succession" found in 4 West's LSA Civil Code 1 at 28:
"Since title passes immediately to the naked owners, the naked owners owe a tax on their inheritance, which is not considered a tax upon the property but upon its transmission by inheritance."
For the purpose of fixing inheritance tax, the value of the property is determined by the actual cash value at the time of the deceased's death. In re Stelly's Estate, 185 So. 637 (1st La.App.1939). The grandchildren, as principal beneficiaries, owe tax on the value of the naked ownership of their grandmother's estate. However, it is difficult to conclude what this value may be in this instance.
Mr. Kaufman is paying inheritance tax on the sum of $34,662.35 and Mrs. Newman on the sum of $2,870.11. These amounts total $37,532.46. Exempt from taxation is Mr. Kaufman's 85% income interest in his wife's half of the community, or 85% of $15,097.82, the sum of $12,833.15. We add this to $37,532.46:

 $37,532.46
 12,833.15
 __________
 $50,365.61

This sum of $50,365.61 represents the total of that taxed to Mr. Kaufman and Mrs. Newman and the sum exempt from inheritance tax. Subtracting $50,365.61 from the *477 total value of Mrs. Kaufman's estate, we get the following:

 $65,988.06
 50,365.61
 __________
 $15,622.45

This amount of $15,622.45 must be subject to inheritance tax, because everything not specifically exempted is subject to the tax. We therefore evaluate the naked ownership of the three grandchildren at the sum of $15,622.45, the only equitable way, in our opinion, to assign a value to their interest in the estate. Dividing this sum into three parts, we find that each owes tax on the sum of $5,207.48.

 $5,207.48
 Less personal exemption: 5,000.00
 _________
 (R.S. 47:2403)
 $ 207.48
 Taxed at 2% .02
 _________
 $ 41.496

Thus, each of Mrs. Kaufman's three grandchildren owes the sum of $41.50 in inheritance tax.
Counsel for the Inheritance Tax Collector of East Baton Rouge Parish has suggested fixing his fee under LSA-R.S. 47:2409. We do not find the provisions of this statute applicable, since this is not a proceedings instituted by the tax collector. The fee is to be fixed in accordance with LSA-R.S. 47:2419 at 4% of the tax collected.
For the reasons assigned it is ordered, adjudged and decreed that the inheritance taxes due by the heirs of Corinne Strauss Kaufman are as follows:

 Louis Kaufman $689.87
 Hubert Lee Newman III 41.50
 Louis Kaufman Newman 41.50
 Carol Louise Newman 41.50
 _______
 Total $814.37

Costs of all proceedings are taxed against the principal of the trust in accordance with LSA-R.S. 9:2156.
Amended and rendered.