499 So.2d 1338 (1986)
SUCCESSION OF John Wesley STEEN.
No. 86-69.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
Rehearing Denied January 14, 1987.
Writ Granted March 13, 1987.
Alton E. Bayard, III, Baton Rouge, for plaintiff-appellant.
*1339 Leon J. Harrel, Jr., Baton Rouge, for defendant-appellee.
Before LABORDE, KNOLL, and KING, JJ.
KNOLL, Judge.
The issue in this appeal is when the surviving spouse is left the usufruct over decedent's entire estate and also left the disposable portion of decedent's entire estate, can the succession deduct the usufruct over the disposable portion in computing inheritance taxes? Mrs. J. Wesley Steen, the surviving spouse and legatee of the decedent, John Wesley Steen, and Wesley W. Steen and Margaret Steen Wunsch, children of the decedent, appeal the judgment of the trial court ordering them to pay additional inheritance taxes of $9,617.23 to the Louisiana Department of Revenue and Taxation. The trial court ruled that where the testator left his surviving spouse the disposable portion of his estate and confirmed her usufructuary rights for life over the entirety of his estate, the succession was not entitled to deduct the usufruct over the disposable portion in computing inheritance taxes. The succession contends that the trial court erred in holding that inheritance taxes are due on the legal usufruct confirmed by testament to a surviving spouse as to any property over which the spouse also receives the naked ownership. For the following reasons we reverse.

FACTS
John Wesley Steen made the following dispositions to his wife in his April 17, 1973, statutory testament:

"I give and bequeath unto my wife, Margaret Chauvin Steen, the usufruct of my entire estate and of all of the property which I may own or possess at the time of my death, including all separate and community property, said usufruct to continue for the rest of her natural life or until she remarries; provided, however, that even in the event of her remarriage, my wife shall continue to have and to enjoy the usufruct of the home at 301 North Main Street in Abbeville, Louisiana, and also the property owned at Grand Isle, Louisiana. In addition to the usufruct referred to, I give and bequeath unto my wife the entire disposable portion of my estate, including all property, rights and credits both community and separate which I may own and possess at the time of my death." (Emphasis added.)

On May 13, 1982, J. Wesley Steen executed a codicil to his will which provided:
"I, J. WESLEY STEEN, of full age and a resident of the Parish of Vermilion, Louisiana, being of sound mind and body, and realizing the uncertainty of life, do hereby make this codicil to my last will and testament executed by me on the 17th day of April, 1973, and only amend the same in the respects hereinafter set forth:

In accordance with Louisiana Civil Code Article 916, I confirm a usufruct in favor of my surviving spouse over all of the community property I own at the time of my death, and I bequeath to my wife a usufruct over any and all separate property that I may own at the time of my death. These usufructs shall continue for my spouse's lifetime, regardless of any remarriage. The usufructuary shall have the greatest power and authority permitted by law with respect to the property subject to the usufruct; ..." (Emphasis added.)

The pertinent law for the levy of inheritance tax is found in LSA-R.S. 47:2401 which provides:

"There is hereby levied a tax upon all inheritances, legacies and donations and gifts made in contemplation of death, except such as are hereinafter specifically exempted." (Emphasis added.)

*1340 Our jurisprudence has firmly established that a legal usufruct is exempt from inheritance taxes.
A usufruct given to a surviving spouse, whether passing to the spouse by intestacy or confirmed by testament, is a legal usufruct not subject to inheritance tax, despite the decedent's ability to defeat that usufruct by will. Winsberg v. Winsberg, 233 La. 67, 96 So.2d 44 (1957); Succession of Marsal, 118 La. 212, 42 So. 778 (1907); Succession of Moore, 40 La.Ann. 531, 4 So. 460 (1888).
In Succession of Moore, supra, the Supreme Court stated on rehearing that:
"[A] spouse in community can legally bequeath to the survivor the disposable portion of his or her estate, as it always was known, and may confirm in his or her favor the usufruct provided by law, either by remaining silent, or by expressing himself clearly on the subject; the language used, whether a bequest or a ratification, being immaterial."
The sole issue before us is whether the additional bequest of the naked ownership of the disposable portion subjects the usufruct over the disposable portion to inheritance taxes.
LSA-C.C. Art. 1712 directs us to interpret a testament in a manner that furthers, rather than frustrates, the testator's lawful intent. Succession of Waldron, 323 So.2d 434 (La.1975). In the present case it is clear that the decedent granted his surviving spouse the legal usufruct for life over all of his property, both community and separate, as provided by LSA-C.C. Art. 890. A testamentary disposition must be understood in the sense in which it can have effect, rather than that in which it can have none. LSA-C.C. Art. 1713. By the wording of the codicil it is equally clear that the decedent, cognizant of the bequest to his wife in his original will of the disposable portion of his estate, granted this legal usufruct over all his estate. Therefore, giving effect to the various provisions of the will, the surviving spouse inherited only the naked ownership of the disposable portion of decedent's estate.
The trial court in the case sub judice based its ruling on the fact that the ultimate result of decedent's testamentary dispositions was to vest the surviving spouse with perfect ownership of the disposable portion. We disagree with this analysis. This same issue was addressed by the First Circuit in Succession of Norton, 157 So.2d 909 (La.App. 1st Cir.1963). In Norton the wife died intestate leaving community property and her children renounced their interest in the succession. As a result the children's interests passed to the surviving spouse as the heir in the next degree. Accordingly, the surviving spouse effectively had the perfect ownership of the succession property, i.e., inheritance of the decedent's one-half interest via renunciation by the children, coupled with the legal usufruct granted to the surviving spouse by operation of LSA-C.C. Art. 916 (Now LSA-C.C. Art. 890). The appellate court thwarted the Louisiana Department of Revenue's attempt to tax the legal usufruct, rejecting the Department's perfect ownership argument, and concluded that if a surviving spouse received the naked ownership of some portion of the decedent's estate in addition to the legal usufruct, the exemption from inheritance tax for the legal usufruct could not be denied. The reasoning of Norton is equally applicable to the present case.
In further support of its ruling, the trial court characterized appellants' argument as tax avoidance, not countenanced by R.S. 47:2401, et seq. We cannot agree with this characterization by the trial court. The surviving spouse paid inheritance taxes on the naked ownership interest of the disposable portion she inherited. The sole effect of not taxing the surviving spouse's legal usufruct postpones the State's statutory right to collect inheritance taxes on the legal usufruct until the surviving spouse's death. Such a ruling is consistent with and in furtherance of decedent's testamentary *1341 intent to bestow the greatest possible benefits on his surviving spouse as provided by law. In this instance, the allowance of the surviving spouse's enjoyment of the property with minimal diminishment, vis-a-vis the payment of inheritance taxes, accomplishes this testamentary goal. The decedent confirmed for life the legal usufruct over the entirety of his estate in favor of his wife. This usufruct was not inherited, devolving to the surviving spouse by operation of law, and therefore is not subject to inheritance taxation. LSA-C.C. Art. 890.
Our analysis is consistent with the approach suggested by the Louisiana Department of Revenue and Taxation. In an internal memorandum dated January 22, 1975, (introduced by the succession in this case) the Department, addressing the question now presented, stated:
"[I]t is suggested that in every situation the question be asked, `Would the usufruct go to the surviving spouse under Article 916 anyway?' If the answer is yes, it [the usufruct deduction] is deductible. If it is no, then it is not deductible."
Since the Department first considered this issue, former LSA-C.C. Art. 916 has been rewritten to extend greater usufructuary rights in favor of the surviving spouse over separate property and has been redesignated as LSA-C.C. Art. 890. Using the Department's reasoning, it is clear that the surviving wife and children of John Wesley Steen were entitled to deduct the usufruct of that portion of decedent's estate over which the wife also inherited the naked ownership.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. The rule filed by the Louisiana Department of Revenue and Taxation to collect additional inheritance taxes is dismissed. Costs of the trial court and this appeal are assessed against the Louisiana Department of Revenue and Taxation.
REVERSED AND RENDERED.

APPLICATION FOR REHEARING
PER CURIAM.
The decedent died possessing both community and separate property and was survived by his two children and his surviving spouse. By testament the decedent gave to his children ownership of the forced portion of his community and separate property and gave to his surviving spouse the ownership of the disposable portion of his community and separate property. Decedent's testament further confirmed the legal usufruct in favor of his surviving spouse over all of his community property and granted his surviving spouse a usufruct over all of his separate property.
State inheritance taxes were paid by the children and surviving spouse on the property inherited by them after deduction of their exemptions and the value of the usufruct of the surviving spouse. The appellee, Collector of Revenue for the State of Louisiana, contested deduction of the value of the usufruct from the value of the interest inherited by the surviving spouse. The trial court rendered judgment disallowing the deduction of the value of the usufruct of the surviving spouse on the decedent's community and separate property inherited by her.
On appeal we rendered judgment herein, reversing the decision of the trial court, finding that the value of the surviving spouse's usufruct on the decedent's property inherited by her was not subject to state inheritance taxes.
The appellee now applies for a rehearing from this decision stating that:
"The main issue before this Honorable Court is whether the [Louisiana Civil Code Article] 890 usufruct can extend beyond the provisions of the Civil Code, to burden property of the estate not inherited by the descendants. Clearly, the disposition in usufruct over the disposable portion of the decedent's estate burdens property not inherited by his descendants but by his surviving spouse. Article 890, of the Civil Code, clearly states that the surviving spouse's usufruct shall only extend over so much of *1342 the decedent's estate as being inherited by the descendants."
The appellee argues that:
"The disposition in naked ownership in the disposable portion of the estate could only be made to descendants or force[d] heirs, for the legal usufruct in favor of the surviving spouse to extend over that portion of the estate. It is Appellee's contention that without such a disposition in Mr. Steen's will, the surviving spouse[s] usufruct, not withstanding testamentary intent, could only extend over so much of the decedent's estate as was inherited by the descendants."
Appellee cites the first paragraph of Article 890 of the Louisiana Civil Code as authority in support of its position. However, appellee totally ignores the second and third paragraphs of the same article. The second paragraph of Civil Code Article 890 provides that:
"The deceased may by testament grant a usufruct for life or for a shorter period to the surviving spouse over all or a part of his separate property."
The third paragraph of Civil Code Article 890 provides that:

"A usufruct authorized by this article is to be treated as a legal usufruct ...". (Emphasis supplied.)
It is clear from the literal provisions of Article 890 of the Louisiana Civil Code that a decedent may by testament grant a usufruct for life to his surviving spouse over all or a part of his separate property, irrespective of who receives the naked ownership of all or a part of the decedent's separate property under the decedent's testament, and that such a usufruct is to be treated as a legal usufruct. This codal article makes no restriction whatsoever that the naked ownership of all or a part of the decedent's separate property must be inherited by descendants or forced heirs of the decedent in order that the usufruct left to the surviving spouse can be considered as a legal usufruct. Such a testamentary usufruct to the surviving spouse is a legal usufruct by operation of law.
For this reason, as well as those set forth in the original opinion, the appellee's motion for rehearing is denied.