515 So.2d 661 (1987)
SUCCESSION OF Charles Michael DALY, Plaintiff-Appellee,
v.
Shirley McNAMARA, etc., Defendant-Appellant.
No. 86-1038.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
Rehearing Denied December 9, 1987.
Writ Denied January 29, 1988.
Thomas D. Brumbaugh, Lafayette, for plaintiff-appellee.
James C. Russell, Jr., Baton Rouge, for defendant-appellant.
Before GUIDRY, FORET and YELVERTON, JJ.
YELVERTON, Judge.
The sole issue raised by this appeal is whether La.C.C. Art. 890 creates a legal usufruct in the situation where, by special bequest, the deceased spouse, having no descendants, establishes a usufruct over his separate property in favor of his surviving spouse.
The deceased spouse, Charles Michael Daly, died on July 12, 1985, leaving no descendants. He was married twice, first to Maxine Hyer from whom he was divorced, and second to Movrene Meherg Daly to whom he was married at the time of his death.
By will the deceased bequeathed to Movrene Daly a lifetime usufruct over his separate property. She treated this usufruct as an inheritance tax-free legal usufruct pursuant to La.C.C. Art. 890.
The Louisiana Department of Revenue and Taxation rejected Mrs. Daly's claim for the exemption and made demand for inheritance *662 taxes for the value of the usufruct. In accordance with R.S. 47:1576, Mrs. Daly paid under protest and filed a rule to show cause why the taxes should not be refunded.
The district court rendered judgment in her favor, recognizing that no inheritance taxes were due the State and decreeing that the money paid under protest be refunded with 6% interest. The Department of Revenue and Taxation appeals. We affirm.
La.C.C. Art. 890 states as follows:
Art. 890. Usufruct of surviving spouse
If the deceased spouse is survived by descendants and shall not have disposed by testament of his share in the community property, the surviving spouse shall have a legal usufruct over so much of that share as may be inherited by the descendants. This usufruct terminates when the surviving spouse contracts another marriage, unless confirmed by testament for life or for a shorter period.
The deceased may by testament grant a usufruct for life or for a shorter period to the surviving spouse over all or part of his separate property.
A usufruct authorized by this article is to be treated as a legal usufruct and is not an impingement upon legitime.
If the usufruct authorized by this article affects the rights of heirs other than children of the marriage between the deceased and the surviving spouse or affects separate property, security may be requested by the naked owner.
Defendant-Department of Revenue and Taxation argues that the legal usufruct authorized by La.C.C. 890 operates only when the deceased spouse is survived by descendants as stated in paragraph one of the article. We disagree.
In Succession of Steen, 499 So.2d 1338 (La.App. 3rd Cir.1986), reversed on other grounds, 508 So.2d 1377 (La.1987), this court was confronted with a similar argument on rehearing. In that case the deceased had descendants, leaving them by will the forced portion of his community and separate property, and his spouse the disposable portion of his community and separate property, as well as the usufruct over his entire estate. The state argued that the legal usufruct of C.C. Art. 890 operated only to the extent of property as to which the descendants had the naked ownership. In rejecting that argument and in interpreting La.C.C. Art. 890 this court stated:
Appellee cites the first paragraph of Article 890 of the Louisiana Civil Code as authority in support of its position. However, appellee totally ignores the second and third paragraphs of the same article. The second paragraph of Civil Code Article 890 provides that:
"The deceased may by testament grant a usufruct for life or for a shorter period to the surviving spouse over all or a part of his separate property."
The third paragraph of Civil Code Article 890 provides that:

"A usufruct authorized by this article is to be treated as a legal usufruct...". (Emphasis supplied.)
It is clear from the literal provisions of Article 890 of the Louisiana Civil Code that a decedent may by testament grant a usufruct for life to his surviving spouse over all or a part of his separate property, irrespective of who receives the naked ownership of all or a part of the decedent's separate property under the decedent's testament, and that such a usufruct is to be treated as a legal usufruct. This codal article makes no restriction whatsoever that the naked ownership of all or a part of the decedent's separate property must be inherited by descendants or forced heirs of the decedent in order that the usufruct left to the surviving spouse can be considered as a legal usufruct. Such a testamentary usufruct to the surviving spouse is a legal usufruct by operation of law.
In the present case the State is still contending that the legal usufruct authorized by La.C.C. 890 is operative only when the deceased has descendants, and that since the deceased in the present case had no descendants, there can be no legal usufruct inheritance tax exemption. We find no merit to this argument. The second paragraph of La.C.C. Art. 890 makes no provision that the deceased be survived by descendants as in the first paragraph. All *663 that is required is that the deceased "by testament grant a usufruct for life or for a shorter time to the surviving spouse over all or a part of his separate property." This is all that the deceased did in the present case. Naked ownership was left to others. We have determined in Succession of Steen, supra, that it makes no difference who, whether descendants or others, receives the naked ownership of the separate property for the usufruct to be considered a legal usufruct under La.C.C. Art. 890. For this reason we see no reason why the article would require a deceased to have descendants before his testamentary usufruct over his separate property could be treated as a legal usufruct. The legislature could have easily worded the second paragraph to limit the application of the article to deceased spouses survived by descendants, but this was not done.
The first paragraph of the article grants the surviving spouse a right to a usufruct over the deceased spouse's share of the community when there are descendants and no testament. This paragraph mainly focuses on the situation of when there are descendants, community property, and no testament. La.C.C. Art. 889 focuses on the devolution of community property to the surviving spouse when there are no descendants and no testament.
The second paragraph of La.C.C. Art. 890 deals with an entirely different set of circumstances, the granting of a usufruct over separate property when there is a testament. We do not accept the defendant's argument that the second paragraph must be read in conjunction with the first paragraph limiting the application of an Art. 890 usufruct over separate property only in the instance where there are descendants.
For these reasons the judgment of the district court is affirmed at the defendant's cost. Costs are assessed in the sum of $490.95.
AFFIRMED.